UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

CESAR E. CAMPOS MONTEZA,

   *Plaintiff*,

v.                                             Case No.  SA-25-CV-01285-JKP

GATEWAY MORTGAGE, A DIVI-
SION OF GATEWAY FIRST BANK;

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Gateway Mortgage's Motion to Dismiss for Failure to State a Claim. *ECF No. 8*. Plaintiff Cesar Monteza responded. *ECF No. 17*. Upon consideration, the Motion is **GRANTED**. The Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

### Factual Background

Monteza filed this action arising out of Gateway Mortgage's notice of foreclosure sale of his residence. Monteza obtained a Temporary Restraining Order in state court which precluded foreclosure, and Gateway Mortgage removed the action to this Court. In this action, Monteza asserts causes of action for attempted wrongful foreclosure, breach of contract, violation of the Deceptive Trade Practices Act, and seeks injunctive relief and declaratory judgment. *ECF No. 5*.

Gateway Mortgage filed this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6). *ECF No. 8*.

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds up-on which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**Discussion**

**<u>Attempted Wrongful Foreclosure</u>**

Construing Monteza's Original Petition liberally, it appears he asserts a cause of action for attempted wrongful foreclosure.[1]

Texas law does not recognize a cause of action for attempted wrongful foreclosure. *Port City State Bank v. Leyco Constr. Co.,* 561 S.W.2d 546, 547 (Tex.Civ.App.-Beaumount 1977, no writ). Applying Texas law, district courts in the Fifth Circuit consistently hold that a cause of action for attempted wrongful foreclosure is not cognizable. *See, e.g, Sauer v. Wells Fargo Bank, N.A.,* No. SA-12-CV-1085, 2013 WL 1824094, at *2 (W.D. Tex. Apr. 30, 2013); *Owens v. BAC Home Loans Servicing, L.P.*, No. CIV.A. 11-2742, 2012 WL 1494231, at *3 (S.D. Tex. Apr. 27, 2012); *Ramming v. JPMorgan Chase Bank, N.A.,* No. 10–5011, 2012 WL 1122791, at *3 n. 3 (S.D. Tex. Apr.3, 2012); *Thomas v. EMC Mortg. Corp.,* No. 4:10–CV–861, 2011 WL 5880988, at *6 (N.D. Tex. Nov.23, 2011); *Mortberg v. Litton Loan Servicing, L.P.,* 2011 WL 4431946, at *6 (E.D. Tex. Aug. 30, 2011).

Thus, Gateway Mortgage's Motion to Dismiss any asserted cause of action for attempted wrongful foreclosure claims will be granted.

**<u>Breach of Contract</u>**

Monteza bases the breach of contract cause of action on the allegations that Gateway Mortgage "did not take offered payments. [Monteza] is now in the process of asking for a loan modifications and jump through many hoops required for loan modifications." *ECF No. 5, pp. 8-9.* Monteza alleges Gateway Mortgage "did not keep up with their obligations when they put

---

[1] The parties do not dispute that no foreclosure on the subject property occurred.

[Monteza] in the position where he would have to fund a $50,000.00 balloon payment. This is not good faith and fair dealing." *Id*.

The essential elements of a breach of contract cause of action are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo, Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018); *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 732 (E.D. Tex. 2011). As a general rule, when a plaintiff failed to perform a duty under the contract, such as the duty to pay his mortgage, he cannot maintain a breach of contract action. *Maples v. Barrett Daffin Frappier Turner & Engel, LLP In Rem Only*, 4:18-CV-875, 2019 WL 6333989, at *10 (E.D. Tex. Oct. 31, 2019), report and recommendation adopted, 2019 WL 6311022 (E.D. Tex. Nov. 25, 2019). However, if reciprocal promises in a contract are independent, the breach of one does not necessarily relieve another party of their performance obligations. *Williams*, 884 F.3d at 245; *Shastry v. U.S. Bank Nat'l Ass'n*, 3:16-CV-3335, 2018 WL 4627132, at *8 (N.D. Tex. July 27, 2018), report and recommendation adopted, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018); *46933, Inc. v. Z & B Enters., Inc.*, 899 S.W.2d 800, 807 (Tex. App. - Amarillo 1995, writ denied). Thus, a party in default on a contract might still be able to establish a breach of contract claim if the reciprocal promises in the contract are independent. *Williams*, 884 F.3d at 245.

The Fifth Circuit provides direction for determination whether the parties' obligations are independent in the context of mortgage promissory notes, holding a borrower's obligation to make monthly payments under a promissory note is independent of a lender's obligations in the event of a default. *Williams*, 884 F.3d at 245. In establishing this rule in this specific context, the *Williams* Court reasoned that if a mortgage holder's obligation to provide notice in the event of

4

default can always be excused by pointing to the debtor's default, the notice terms have no meaning and the debtor would have no right of recourse. *Id*. As determined by the *Williams* Court, when a borrower asserts a breach of contract claim against a loan holder for failure to provide notice of default or notice of loan acceleration as required in the subject contract, the fact that the borrower is in default does not, alone, preclude the borrower's breach of contract claim. *Williams*, 884 F.3d at 245; *Thomas v. Wells Fargo Bank, N.A.*, No. 4:17-CV-2070, 2018 WL 1898455, at *3 (S.D. Tex. Apr. 20, 2018).

Following this guidance, in cases such as this one, a mortgage holder cannot rely on the debtor's default, alone, to dispel a breach of contract cause of action, but must also establish satisfaction of its own independent contractual obligations to provide notice of default and acceleration. *Id*. Thereby, breach of a deed of trust contract for failure to serve notice of foreclosure may exist as a stand-alone cause of action, apart from a cause of action for wrongful foreclosure. *Williams*, 884 F.3d at 245.

Here, however, Monteza does not allege Gateway Mortgage failed to provide proper notice, or that Gateway Mortgage breached the deed of trust contract, itself. Instead, Monteza alleges Gateway Mortgage "did not take offered payments. [Monteza] is now in the process of asking for a loan modifications and jump through many hoops required for loan modifications," and "did not keep up with their obligations when they put [Monteza] in the position where he would have to fund a $50,000.00 balloon payment. This is not good faith and fair dealing." *ECF No. 5, pp. 8-9*. These allegations are not sufficient to support a cognizable breach of contract cause of action. For this reason, Monteza fails to assert a plausible cause of action, and Gateway Mortgage's Motion to Dismiss will be granted.

**Deceptive Trade Practices Act**

"The DTPA protects consumers; therefore, consumer status is an essential element of a DTPA cause of action." *Mendoza v. American National Insurance Co.*, 932 S.W.2d 605, 608 (Tex. App.1996). "In order to qualify as a consumer under the DTPA, a plaintiff must establish two elements. First, the person must seek or acquire goods or services by purchase or lease. Second, the goods or services purchased or leased must form the basis of the complaint." Tex. Bus. & Com. Code § 17.45(4) (providing the statutory definition of consumer). "Under the DTPA, the lending of money is not 'goods or services' for purposes of consumer status." *Comeaux v. JP Morgan Chase Bank, N.A.*, 2013 WL 5852429 (S.D. Tex. 2013); *Darocy v. Chase Home Finance, LLC*, 2012 WL 840909 (N.D. Tex. 2012). Thus, a plaintiff does not qualify as a consumer under the DTPA if the action is based upon a "pure loan transaction." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App. - Fort Worth 2007).

Monteza only provides a generalized allegation that Gateway Mortgage made a misrepresentation to him; however, under these facts, it is clear any misrepresentation was made in connection with Monteza's mortgage loan, or the modification of this mortgage. Given this context, the alleged misrepresentations do not fall within the scope of the DTPA, and Monteza cannot allege a plausible cause of action under the DTPA.

Thus, Gateway Mortgage's Motion to Dismiss will be granted.

**Injunctive Relief**

Monteza seeks injunctive relief "to preserve the status quo."

6

"In the absence of a viable substantive claim, [Plaintiff's] request for injunctive relief is without merit." *Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012). Because Monteza failed to assert any viable causes of action, his request for injunctive relief also must be dismissed.

It is so ORDERED.
SIGNED this 11th day of May, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE